Successors of J. González & Co., Petitioners and Appellees, v. Municipal Assembly of Guayama, Respondent and Appellant.

Appeal from the District Court of Guayama in Certiorari Proceedings.

No. 2543.—Decided January 23, 1923.

Municipalities—Municipal Ordinance—Excess Tax—Property Tax.—A municipal ordinance providing that every person, partnership or corporation transporting sugar cane or its juice out of the jurisdiction of the municipality shall pay the municipality eight cents for each ton so transported imposes an excise tax and not a property tax; and although the payment of the excise tax may indirectly affect the property, it is not a double tax on the property. Municipal assemblies are empowered to impose such excise taxes in accordance with subdivision (*f*) of section 49 of the Municipal Law, as amended by Act No. 9 of 1920.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the appellant.

*Messrs. M. A. Martínez* and *A. Arroyo* for the appellees.

Mr. Justice Aldrey delivered the opinion of the court.

On March 14, 1921, the Municipal Assembly of Guayama passed an ordinance to provide funds for the municipal treasury and to be known as an ordinance for additional excise taxes. Subdivision (*c*) of section 3 thereof provides that "Every person, partnership, or corporation who transports sugar cane or sugar cane juice out of the district of Guayama shall pay to the Municipality of Guayama eight cents for each ton so transported; Provided, That for the collection of this excise tax the person, partnership or corporation transporting the said sugar cane or juice must first obtain a license and must render a monthly statement to the municipality of the sugar cane or juice transported." Section 5 thereof fixes the penalty for the violation of the said ordinance.

The agricultural partnership of Successors of J. González & Company filed in the District Court of Guayama a petition for a writ of certiorari praying for the annulment of the quoted subdivision of the said ordinance, alleging that

the petitioners pay taxes to the said municipality; that they are the owners of real property devoted to the growing of sugar cane which is ground at Central Aguirre in the district of Salinas whither they are obliged to transport their said sugar cane, and that the said ordinance is unconstitutional because it is in conflict with the Organic Act and the Municipal Law in force, inasmuch as, without lawful authority, it imposes an export duty and a double property tax on the property of the petitioners and is not an excise tax. Judgment was rendered in accordance with the prayer of the said petition and the Municipal Assembly of Guayama took the present appeal.

The fundamental question in this case is whether the Municipal Assembly of Guayama had authority to impose the excise tax which gave rise to this litigation.

The ordinance clearly imposes an excise tax and not a property tax on the sugar cane or sugar cane juice, for it is to be paid by the person, partnership or corporation that transports the cane or juice, without taking into account whether or not such person or entity is the owner. The obligation to pay is imposed upon the business of transporting the sugar cane or juice, that is, upon the act of transporting the products, and for this reason it is an excise tax. Although the payment of the tax may indirectly affect the property, it is not a double tax on the property. 26 R. C. L., pp. 35, 36. This being settled, let us consider whether the Municipality of Guayama is authorized to impose the said excise tax.

Section 3 of the Organic Act of 1917 provides that taxes and assessments on property, internal revenue, and license fees, and royalties for franchises, privileges and concessions may be imposed for the purpose of the insular and municipal governments, respectively, as may be provided and defined by the Legislature of Porto Rico. Section 37 thereof confers upon the legislative authority therein provided the

power to create, consolidate, and reorganize the munici-palities. In accordance with these provisions, in 1919 our Legislature enacted the Municipal Law, subdivision (*f*) of section 49 of which, as amended by Act No. 9 of 1920, pre-scribes that the municipal revenues shall consist of, among other things not pertinent to this case, any other impost, excise or tax that may be levied by two-thirds of the members of the municipal assembly, provided the object or matter of taxation is not also the object or matter of any federal or insular tax. Consequently, it can not be held that the Municipality of Guayama had no power to impose the excise tax established by its said ordinance, or that its collection is unlawful. This question was settled by this court in the case of *Successors of C. & J. Fantauzzi* v. *Municipal Assembly of Arroyo*, 30 P. R. R., 390.

But the appellee maintains—and this was the basis of the judgment of the lower court—that inasmuch as the munici-palities have jurisdiction only within their territorial limits, the Municipality of Guayama can not impose the said tax on sugar cane or sugar cane juice when it is being transported to Salinas, which is outside of its territory. The first part of the proposition is correct, but the second part is not, for the excise tax has not been imposed upon the sugar cane while it is in transportation outside of the territory of the Municipality of Guayama, but upon the business within the district of Guayama of the person engaged in the transportation of sugar cane or sugar cane juice from the territorial limits of Guayama to another municipality.

For the foregoing reasons the judgment appealed from is reversed and the certiorari proceedings dismissed, without special imposition of costs.

*Reversed.*

Chief Justice Del Toro and Justice Hutchison concurred.

Justices Wolf and Franco Soto took no part in the de-cision of this case.